SCHOTT, Judge.
Plaintiff has appealed from a dismissal of his suit for specific performance based upon an agreement to purchase a piece of property from defendant.
Plaintiff had contacted Frank Weber, a real estate agent in the employ of Wagues-pack, Pratt, Inc., to bring about the purchase of the subject property which was adjacent to the restaurant operated by *277 plaintiff and wanted for the purpose of a parking lot. After some initial meetings between Weber and defendant, the latter signed an agreement to sell the property for $20,000 on a printed real estate form. However, according to defendant the agreement was blank at the time he signed it but Weber was instructed to make the agreement reflect that the $20,000 would be net to him so that any commission on the sale would be owed by the purchaser and an ice house located on the property would be subject to removal by defendant at the purchaser’s expense. According to Weber the document was filled out with the usual provisions for the payment of the real estate agent’s commission by the seller and without any reference to the ice house. In any event, Weber presented the completed agreement to plaintiff who accepted the offer as presented to him.
The trial court’s dismissal of the suit was based on the omission from the contract of reference to the ice house. Noting that both Weber and Hymel admitted that the ice house was not to be included in the sale, the effect of the agreement was that the ice house would be transferred to the plaintiff along with the land. He specifically did not conclude whether the omission from the agreement was caused by fraud, error or oversight, but concluded that the agreement did not represent the true intent of the parties. However, the trial judge did not make a specific finding as to the credibility of defendant in his testimony that he signed the agreement in blank with instructions to his agent Weber, which in turn were violated by Weber. Consequently, we are not inhibited from making our own credibility determinations in this regard.
Documentary evidence introduced at the trial includes the agreement to purchase and sell, which was signed by the parties on March 14, 1978, a listing agreement purportedly executed by defendant on December 16 in favor of Waguespack, Pratt, Inc. and a bid-proposal by a house moving contractor, dated March 31, to remove the ice house for a price of $916. The listing agreement is a standard agreement providing that defendant employed Waguespack to sell his property for $20,000 and would pay to the realtor a commission of 6%. Defendant denied that it was his signature on the agreement but Weber testified that it was. Weber testified further that after he got defendant’s signature on the agreement he took it to plaintiff, who in turn signed it and made a deposit of $2,000 in compliance with the agreement. Thereafter, Weber gave defendant a copy of the agreement. He had some additional contacts with defendant relative to the removal of the ice house and stated that he was to prepare an agreement that after the act of sale defendant could move the house. Saying as follows:
“. . . . Mr. Hubert Hymel would move it. I was trying to protect him to give him time so at the same time Robert Hymel, so it would be moved within a reasonable time.”
Weber stated that on March 29, after he had been trying to contact defendant by telephone in order to inform him that the act of sale was to take place in accordance with the agreement between April 1 and April 20, he called on defendant and was immediately attacked and threatened by defendant without defendant stating any reason for his anger. Thus, Weber was well aware that defendant wanted to remove the ice house but, according to Weber, it was not until this lawsuit that defendant said that plaintiff was to pay the cost of the removal of the ice house or the commission on the sale.
There is no testimony by plaintiff with respect to the removal of the ice house or the cost of that removal. Plaintiff did testify that he wanted to buy the property for a parking lot from which the logical inference follows that it would be removed. But if the agreement between him and defendant is valid the ice house as an immovable by destination would be transferred to plaintiff at the act of sale, and in the absence of some other agreement between the parties, which was not established in this record, defendant would have no cause of action against plaintiff for either the house itself or the cost of removal.
*278 Defendant’s testimony was unconvincing. Starting with his statement that he signed the agreement to purchase and sell in blank it was also necessary for him to deny his own signature on the listing agreement in order to avoid the effect of that agreement on his legal position. He testified that when Weber returned the agreement to him signed by plaintiff he didn’t look at it but simply put it in his pocket. He said the first time he looked at the agreement was when Weber came around to inform him of the coming act of sale.
On the basis of the conflicting testimony and the failure of the trial court to make any specific credibility calls, we find the facts to be as follows: The agreement was filled out when defendant signed it and consequently there was a binding agreement to purchase and sell the property between the parties. Defendant understood that he could remove the ice house and was unaware of the legal effect of the agreement which would transfer title of the ice house to the purchaser. Defendant was relying on his agent, Weber, to protect his interest in the ice house and Weber, who should have known that defendant was depending on him in this connection, failed in his duty to his principal. Under the law defendant had no claim against plaintiff in this connection but might have a valid claim against Weber as-his agent. LSA-C.C. Art. 3003. Defendant filed a third-party demand against Weber’s employer, Wagues-pack, Pratt, Inc., which was dismissed by the court, but defendant has failed to appeal from this dismissal so that we are unable to afford him any relief against the agent. While plaintiff did not admit that the ice house was defendant’s to take, plaintiff’s attorney in brief tells us that there was never any disagreement between plaintiff and defendant that the ice house would be removed by defendant, only that the cost would be at the expense of defendant and not plaintiff.
Thus, defendant may have a viable claim for the ice house itself or its value against plaintiff on the basis of the statements made by plaintiff’s counsel in his brief, but pretermitting questions of prescription and res judicata defendant is relegated to a claim against Weber and/or Waguespack, Pratt alone for the cost of removal.
Accordingly, the judgment of the trial court is reversed and set aside and there is judgment in favor of plaintiff, Robert P. Hymel, and against defendant, Hubert L. Hymel, Jr., ordering that defendant convey to plaintiff plot 19, Luling Parkway Subdivision, St. Charles Parish, Louisiana, on grounds measuring about 50' X 150' for the price of $20,000 cash. The sale is to be passed before purchaser’s notary not later than 30 days after this judgment becomes final. All costs are to be paid by defendant.
REVERSED AND RENDERED.